**Milton MILBERG et al., Appellants,**

v.

**James L. SANDERS et al., Respondents.**

No. 36228.

Missouri Court of Appeals,
St. Louis District, Division Two.

June 3, 1975.

Lawrence J. Fleming, Burton M. Greenberg, St. Louis, for appellants.

John J. Fitzsimmons, Associate City Counselor, St. Louis, for respondents.

CLEMENS, Presiding Judge.

Plaintiffs-police officers appeal from the circuit court's refusal to adjudge a police department rule governing secondary employment in violation of due process of law. The rule in question prohibits a police officer from "following any other business or calling, unless he has written permission from the Chief of Police to engage in secondary employment." The rule directs the Chief to "promulgate a procedure to operate and control secondary employment" and permits the Chief to deny secondary employment "where it appears from the applicant's sick record or other evidence that secondary employment might impair his ability to discharge his obligations to the department." [1]

Plaintiffs concede that "all policemen do not have the innate right to engage in secondary employment," but they contend that since the rule affords officers generally the right or privilege of such employment, "officers must be afforded a hearing of some nature to assure that the right granted will be equally applied." Plaintiffs extend this argument by contending a prior administrative hearing is required under these circumstances to afford them due process of law. They seek to equate their position vis à vis the police department with that of plaintiffs in Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). We find no parallel situation here.

In *Goss*, the Supreme Court held that school children attending public schools may not be suspended without a prior hearing, since such suspension could harm students' reputations and impair later educational and employment opportunities. The Court invalidated an Ohio statute permitting such summary suspension and noted that Ohio law contained no provision for de novo judicial review of agency decisions.

In the present case, plaintiffs have not shown a property interest in secondary

1. Special Order 71–S–18 (6/21/71).

employment comparable to a student's property interest in education. Nor have plaintiffs demonstrated that absence of an administrative hearing would adversely affect their reputations or jeopardize their opportunities for other employment.[2] And unlike the *Goss* plaintiffs, these plaintiffs have not shown any inadequacy in Missouri's statutory judicial review procedures.

"The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914). Missouri accords that opportunity through Article V, § 22 of the Missouri Constitution, V.A.M.S. and through implementing statutes, *infra.* Article V, § 22 provides: "All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law . . ."

This Article is implemented by §§ 536.-100–536.140, V.A.M.S., 1975, whenever an agency decision is reached after a hearing required by law, and through § 536.150, V.A.M.S., 1975, whenever the law does not require the agency to hold a hearing before making its decision. State *ex rel.* Walmar Investment Company v. Mueller, 512 S.W.2d 180 (Mo.App.1974). Since the police department is not required by law to hold a hearing before making a secondary employment decision, these plaintiffs must pursue

the avenue of review provided by law in § 536.150.

The scope of review provided by § 536.150 is broad and requires *de novo* judicial review of agency decisions made in the absence of an agency hearing.[3] State *ex rel.* Leggett v. Jensen, 318 S.W.2d 353[3, 4] (Mo. banc 1958), held it is not true " 'that in any case where individual rights are involved there must be an administrative hearing with all the attributes of due process of law.' Due process is satisfied if there be either an administrative hearing subject to judicial review or the right to have a hearing in court which may adequately review the administrative decision." See also Jones v. Schaffner, 509 S.W.2d 72[6] (Mo. 1974).

Section 536.150 provides plaintiffs the right to seek *de novo* court review of the defendants' denial of their applications for secondary employment. This statutory review proceeding enables the reviewing court to obtain "the same kind of record that would be made before the agency in a case reviewable under Article V, § 22 of the Constitution . . ." State *ex rel.* Walmar Investment Co. v. Mueller, *supra* at [1]. The requirements of due process are met by the § 536.150 review, and the judgment of the circuit court denying plaintiffs a declaratory judgment is therefore affirmed.

KELLY and RENDLEN, JJ., concur.

---

**2.** The record discloses that several of these plaintiffs have engaged in secondary employment through a federally subsidized departmental program.

**3.** "1. When any administrative . . . body existing under the constitution or by statute . . . shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person . . . and there is no other provision for judicial inquiry into or review of such a decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or

other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was . . . entitled to such privilege, and may hear such evidence . . . as may be properly adduced, and the court may determine whether such decision . . . is . . . unlawful . . .; and the court shall render judgment accordingly, and may order the administrative . . . body to take such further action as may be proper to require . . ."