**Don G. DRAKE, Appellee,**

v.

**Ray SCOTT, Director of Arkansas Dept. of Human Services; Dr. Curtis Ivery, Commissioner of Social Services; and Roy Kindle, Director of Pulaski County Social Services, Appellants.**

No. 86-1353.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1986.

Decided Feb. 20, 1987.

---

Tim Humphries, Asst. Atty. Gen., Little Rock, Ark., for appellants.

John Wesley Hall, Jr., Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.*

Ray Scott, director of the Arkansas Department of Human Services, and other supervisory or former supervisory employees of the Department (supervisors) appeal from the magistrate's [1] denial of their motion for summary judgment or dismissal. The supervisors argue that they are entitled to qualified immunity from suit and that the plaintiff, Don G. Drake, has failed to state a cause of action. Proceedings have been stayed pending the outcome of this appeal. We affirm in part and reverse in part.

## I.

Drake formerly worked as a caseworker with the Arkansas Department of Human Services. After serving with the agency for approximately four months, he claims to have reported a waste of public funds that allegedly had occurred in his office. Drake alleges that immediately afterwards the defendants began an orchestrated campaign to remove him from his job by, among other things, fabricating complaints against him from co-workers and clients. Drake was fired on February 15, 1984, for "dishonesty," and his letter of discharge gives the reason as "conduct unbecoming a state employee."

Drake appealed his discharge internally through the agency. The agency affirmed his dismissal without a formal hearing.[2] Drake then brought this suit, alleging that his supervisors who have been named as defendants deprived him of his rights to due process and free speech. He seeks damages and injunctive relief, including reinstatement. The defendant supervisors filed a motion for summary judgment, asserting a qualified-immunity defense and that Drake had failed to state a due-process claim because he lacked a property interest in his job. The supervisors also contended that summary judgment was appropriate because Drake had failed to establish sufficient evidence in support of his First Amendment claim. The magistrate denied the motion, ruling that unresolved disputes of fact remained in the litigation.

## II.

We are faced at the outset with the question whether this Court has jurisdiction to hear all issues raised on appeal. A denial of summary judgment is not a final judgment, but it is nonetheless appealable when it denies immunity to a government official. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). In the present case, however, appellants raise more issues than an error in the denial of immunity in support of their assertion that summary dismissal of the action is appropriate. The appellant supervisors contend that the due-process claim must be dismissed because Drake lacks any property interest in his prior state job, and further that summary judgment is proper on Drake's First Amendment claim because he has failed to establish a genuine issue of material fact. Thus, although no final judgment exists, we are asked to review fully the magistrate's order denying summary judgment.

---

* The author of this opinion expresses his gratitude to Judge Bright for substantial help in its preparation.

1. The Hon. H. David Young, United States Magistrate for the Eastern District of Arkansas. The parties agreed to proceed before Judge Young pursuant to 28 U.S.C. § 636(c)(1).

2. Drake first appealed his discharge to defendant Ivery, who upheld the discharge based solely on the file. Drake contends that Ivery was aware of the situation through the informal contacts they had with each other, but that Ivery merely "rubber stamped" the appeal. A further appeal was made to defendant Scott, who also upheld the discharge without a hearing. Scott, Drake says, made his decision before Drake could file statements on his own behalf. We assume for purposes of this opinion that Drake did not receive, either before or after his termination, the process that would have been due had he possessed a constitutionally protectable property interest in his job.

In response to this Court's inquiries about our jurisdiction to review these issues, appellants have cited *Wright v. South Arkansas Regional Health Center,* 800 F.2d 199 (8th Cir.1986). In *Wright,* as here, the plaintiff sued officials of the Arkansas Department of Human Services, including its director, Ray Scott. Wright claimed that he suffered dismissal from his job in retaliation for the exercise of his First Amendment rights. The defendants there sought summary judgment, asserting what they characterized as a qualified-immunity defense. In essence, they contended that because Wright had failed to establish a genuine issue of fact as to whether his First Amendment rights were violated, immunity should apply, notwithstanding Wright's pleaded claim that the defendant state officials had violated clearly established rights to free speech. The District Court denied summary judgment, and the defendants appealed.

Because Wright charged a state official with discharging him for an improper motive (retaliation for exercise of First Amendment rights), we acknowledged that we were being asked to examine a question that was in some sense factual. *Wright,* 800 F.2d at 203. We held, however, that we had jurisdiction to review the question whether any genuine issue of improper motivation existed to send to the jury. *Id.* Such review is necessary to protect public officials from insubstantial claims and is thus consistent with the purpose of *Mitchell. Id.* Furthermore, review of the sufficiency of the evidence did not require any evaluation of the evidence's weight, but rather was limited to a legal inquiry, such as that conducted on a motion for a directed verdict. *Id.*

In the present case, Drake raises two claims: that he suffered a discharge without due process and that the discharge rested on an intent to retaliate for his exercise of First Amendment rights.

Drake seeks damages and equitable relief. The supervisors raise two defenses to the due-process claim: that they are immune from the suit for damages, and that Drake's complaint fails to state a claim because Drake could be fired at will and thus lacked any property interest in his job. As to the First Amendment claim, defendants argue (as they did in *Wright*) that Drake has failed to raise a genuine issue of fact as to retaliatory or otherwise improper motivation.

A further complication arises because Drake seeks both damages and equitable relief. The Supreme Court in *Mitchell* left open the question whether a denial of qualified immunity is immediately appealable when the underlying claim seeks both damages and equitable relief. 105 S.Ct. at 2812 n. 5. This Circuit addressed the issue prior to *Mitchell,* and held that an interlocutory appeal may be taken from a denial of immunity even when the employee's claim, in addition to seeking damages subject to the immunity defense, also seeks equitable relief, to which immunity is not a defense. *Tubbesing v. Arnold,* 742 F.2d 401, 404 (8th Cir.1984). We see no reason to depart from this rule. See *Kennedy v. City of Cleveland,* 797 F.2d 297, 305–06 (6th Cir. 1986); *De Abadia v. Izquierdo Mora,* 792 F.2d 1187, 1189–90 (1st Cir.1986) (following the *Tubbesing* rule in light of *Mitchell*).[3] Based on this authority, we accept jurisdiction to review the magistrate's denial of immunity.

As noted, appellants claim not only qualified immunity, but also that the due-process claim is deficient as a matter of law because Drake had no property interest. The question of Drake's property interest in continued employment is a different issue from that of immunity. Whether we have jurisdiction to review this issue on an interlocutory appeal appears to be a question of first impression discussed by neither *Mitchell* nor any court of appeals.

**3.** At least one circuit has held that when an appeal is taken from a denial of qualified immunity, and the underlying claims are for damages and equitable relief, an interlocutory appeal is not appropriate and the court will not review the denial of qualified immunity. *Bever v. Gilbertson,* 724 F.2d 1083 (4th Cir.), *cert. denied,* 469 U.S. 948, 105 S.Ct. 349, 83 L.Ed.2d 285 (1984). As noted above, this Circuit has taken the contrary view. Whether the Fourth Circuit would be of the same opinion after *Mitchell* is an open question.

■ If Drake possesses no property interest, he cannot succeed on his claim, and we need not reach the immunity issue. The *Mitchell* Court stated that an appellate court "need not ... determine whether the plaintiff's allegations actually state a claim," 105 S.Ct. at 2816, but that language referred to the factual content of the plaintiff's claim, not an underlying question of law that must be answered prior to application of the immunity defense. We think it makes sense for us to assume jurisdiction of the property-interest question. This question is analytically antecedent to, and in a sense also pendent to, the qualified-immunity issue that is concededly properly here under *Mitchell*. If we did not decide the property-interest question, and if we then upheld the District Court's rejection of the qualified-immunity defense, on remand it might still be necessary for the District Court to decide whether Drake had a property interest. If it decided he did not, the question of qualified immunity would drop out of the case, would never have to be reached, thus making the whole interlocutory appeal on the question of qualified immunity a needless ritual. In addition, in the present case the question of qualified immunity itself depends in large part on whether defendants knew or should have known that Drake had a clearly established property interest in the job at the time they fired him. If in fact there was as a matter of law no property interest, it follows *a fortiori* that no such interest was clearly established at the relevant time. We hold that when an interlocutory appeal is properly before us under *Mitchell* as to the defense of qualified immunity, we have jurisdiction also to decide closely related issues of law, such as whether the complaint fails to state a claim because of the absence of a property interest protected by the Due Process Clause.

■ As to Drake's First Amendment claim, the defendant supervisors contend that the allegation that the discharge rested on whistleblowing is without substance as a matter of fact. This defense is reachable in this interlocutory appeal. That issue is exactly the one raised and decided in *Wright*.

Thus, we take jurisdiction of the appeal and turn to the merits.

### III.

■ Plaintiff did not have a contract of employment for a fixed period of time. The general rule in Arkansas, with respect to both public and private employees, is that employment is terminable at will if the employment contract has no fixed term. Accordingly, employees who have no fixed term would normally have no property interest in employment for purposes of the Due Process Clause of the Fourteenth Amendment. Drake contends, however, that a regulation of the Department of Human Services, Administrative Regulation 703.6, established that he could be terminated only for cause, and that, therefore, he did have a protectable property interest. The regulation in question reads as follows:

> The tenure of every permanent employee is based on satisfactory performance of duties. Permanent appointment does not guarantee a right to the position regardless of performance level; satisfactory performance is a condition of continued employment in any position. An employee is subject to discharge, suspension, demotion, or other disciplinary action for any of the following causes: insubordination, incompetence, unrehabilitated narcotics addiction, dishonesty, unrehabilitated alcoholism, conduct which adversely affects the employee's performance for the Division, conduct unbecoming a public employee, and misconduct. This provision, however, shall not be interpreted to prevent the separation of an employee because of lack of funds or curtailment of work.

The State, however, points to the organic statute of the Department of Human Services as expressly providing that no employee of the department shall have tenure. This statute, Section 11 of Act 38 of 1971, as amended, Ark.Stat.Ann. § 5–912i(A) (Supp.1985), reads as follows:

> The Director of the Department of Human Services, with the advice and con-

sent of the Governor, shall appoint the heads of the respective divisions. Except as otherwise provided in this Act, all other personnel of the Department ... shall be employed by and serve at the pleasure of the Director ..., provided that nothing in this Act ... shall be so construed as to reduce any right which an employee of the Department ... shall have under any civil service or merit system.[4]

At first blush, the statute seems clearly inconsistent with AR703.6, which we have just quoted. On the one hand, the Legislature has provided in express words that all personnel of the Department, with exceptions not applicable to Drake, shall serve at the pleasure of the Director. On the other hand, the Department itself has issued regulations that can be read as assuring employees that they will be terminated only for cause or on account of lack of funds or curtailment of work. Conceivably the regulation might be read as an expression of the Director's "pleasure" within the meaning of the Act. Under this reading, the regulation would govern, though apparently the Director could revoke it at will. However, a good argument can be made that the regulation is invalid. It purports to place limitations upon the Director's freedom that the Legislature pretty clearly did not favor.

▮ How to harmonize the regulation and the statute, if they can be harmonized, is of course a question of state law, and we are aware of no reported state-court decision addressing it. We do not believe, however, that the question has to be pursued in this case, because an opinion of another panel of this Court is directly in point and disposes of the plaintiff's claim. In *Hogue v. Clinton*, 791 F.2d 1318 (8th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986), we held that an employee in the same agency as Drake, the Arkansas Department of Human Services, had no property interest in continued employment. 791 F.2d at 1324–25. We examined Arkansas law and concluded that all employment

contracts with no fixed term are terminable at will, *even if* there is a provision in the employment contract that an employee will not be discharged except for good cause. In reaching this conclusion, the *Hogue* panel relied on *Griffin v. Erickson*, 277 Ark. 433, 642 S.W.2d 308 (1982). Whether *Hogue*'s reading of Arkansas law is correct is, in our view, a fairly debatable point, as the dissenting opinion of Chief Judge Lay in *Hogue* shows. But, debatable or not, *Hogue* binds this panel. One panel of this Court is not at liberty to disregard a precedent handed down by another panel. Only the Court en banc can take such action. See, *e.g.*, *Woodard v. Sargent*, 806 F.2d 153 (8th Cir.1986). We therefore must apply *Hogue* and hold that plaintiff has no property interest in his job.

Drake attempts to limit or distinguish *Hogue* by citing *Lucas v. Brown & Root*, 736 F.2d 1202 (8th Cir.1984). There, interpreting the common law of Arkansas, we recognized a public-policy exception to Arkansas's employment-at-will doctrine. We held that employees with no fixed term of employment could be dismissed without cause unless the reason for discharge was repugnant to public policy. In *Lucas*, the plaintiff successfully stated a cause of action by alleging that she had been terminated for refusing her supervisor's sexual advances. 736 F.2d at 1205. In our view, this action was repugnant to the public policy of Arkansas, and we therefore held that the complaint stated a common-law claim for breach of contract.

We believe that *Hogue*, rather than *Lucas*, controls here. *Lucas* does not hold that employees may be terminated only for good cause. It holds that they may not be terminated for causes that are contrary to the public policy of the state. Here, plaintiff does allege that he was terminated for a reason contrary to public policy, that is, on account of his exercise of First Amendment rights, but that allegation can be fully dealt with in the context of his retaliation claim and does not require us to hold that the plaintiff has a property interest

---

**4.** Plaintiff does not claim any rights under the last clause of the quoted statute. That is, he does not allege that he has any rights under any civil service or merit system.

for purposes of procedural due process. A claim that one has been discharged on account of the exercise of First Amendment rights is a substantive claim, one that is good regardless of the procedures that may or may not have been followed in connection with the discharge. Thus, in order to state such a claim, it is not necessary to allege or prove that one has a property or liberty interest. These concepts are relevant only in the procedural-due-process context.

In short, we are compelled to adhere to *Hogue*, and we therefore hold that plaintiff had no property interest in his job, despite the existence of AR703.6. This holding completely disposes of plaintiff's complaint that he was denied procedural due process.[5] Any separate discussion of the defense of qualified immunity is therefore unnecessary, and plaintiff's claims, both legal and equitable, insofar as they are based on procedural due process, must be dismissed.[6]

### IV.

Appellants do not contend that Drake's First Amendment rights were not clearly established, nor do they argue that Drake has failed to state a claim upon which relief may be granted. Instead, they argue that Drake has failed to demonstrate that material issues of fact exist. Accordingly, they argue that this case is identical to *Wright*, and summary judgment must be granted.

Appellants base their argument partly on Drake's failure to comply with Local Rule 29 and Fed.R.Civ.P. 56(e). They contend that because Drake failed to respond adequately to their motions and affidavits, the facts as stated in their affidavits must be accepted as true, and thus Drake has failed to establish sufficient evidence in support of his claim.

It is normally for the district court to enforce compliance with its local rules. *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir.1984). The defendants in *Wright* raised the same argument, and we found this formalistic ground an inappropriate reason for decision. *Wright*, 800 F.2d at 203 n. 3. Here, as in *Wright*, the District Court did not invoke its local rule as a ground for granting summary judgment. A review of the record convinces us that sufficient evidence exists overall to indicate that Drake's suit is not insubstantial. Accordingly, the magistrate's denial of summary judgment is affirmed on the First Amendment claims.

### V.

To summarize: that portion of the District Court's order that denied summary judgment on plaintiff's First Amendment claim is affirmed. The denial of summary judgment on plaintiff's procedural-due-process claim is reversed, and this portion of the complaint should be dismissed with prejudice on remand.

Affirmed in part, reversed in part, and remanded with instructions.

BRIGHT, Senior Circuit Judge, concurring.

I concur in this opinion only because this panel is bound by the precedent of the majority opinion in *Hogue v. Clinton*, 791 F.2d 1318 (8th Cir.1986).

I believe that *Hogue* was wrongly decided. Chief Judge Lay in dissent stated:

Further, it seems clear that the "Policies and Procedures on Employee Griev-

---

**5.** Although plaintiff's complaint alleged that he had been deprived of a liberty interest by being stigmatized, this argument is not pressed in his brief in this Court.

**6.** After the oral argument in this case, another panel of this Court handed down *Skeets v. Johnson*, 805 F.2d 767 (8th Cir.1986). *Skeets* held that an employee of the Arkansas State Highway and Transportation Department did have a protectable property interest in his job, despite the absence of a fixed duration of em-

ployment in his contract. This holding was based upon a Highway Department manual creating a grievance procedure for discharged employees. The State's petition for rehearing en banc in *Skeets* has been granted, an action that has the automatic effect, under our practice, of vacating the panel opinion. The panel opinion in *Skeets* therefore has no precedential weight, and it is not necessary for us to explore whether *Skeets* and *Hogue* can be reconciled, or which of these cases governs here.

ance of the Department of Human Services" creates such a contract between Hogue and his employers. The grievance procedure states that an employee "who feels he/she has been terminated unfairly will have the right to appeal, under the following formal procedure." This provision may be properly construed to impose substantive restraints on the decision to terminate. The term "unfair" in the employment context lends itself to an ordinary meaning of "without good cause." Thus, the appeal procedure here should be interpreted to both create a contract between Hogue and his employer that he will not be terminated except for cause, and to transform a "mere procedure" into a substantive expectancy.

*Hogue*, 791 F.2d at 1326 (Lay, C.J., dissenting) (footnote omitted).

I agree with Chief Judge Lay's views, but as I have stated, this panel is bound by the principles of *Hogue* as laid down in the majority opinion.