Pamela S. BIRKENHOLZ, Appellee,

v.

Gary SLUYTER, Jon P. Schrage and Larry L. Muir, Appellants.

Daniel Keniston and Woodhaven Learning Center.

No. 87–2158.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1988.

Decided Sept. 27, 1988.

Rehearing and Rehearing En Banc Denied Dec. 13, 1988.

Robert Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellants.

Larry R. Marshall, Columbia, Mo., for appellee.

Before FAGG, BOWMAN and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

## I. INTRODUCTION

Gary Sluyter, Jon Schrage and Larry Muir (collectively, defendants), officials with the Missouri Department of Mental Health (DMH) appeal from the district court's denial of their motion for summary judgment. The DMH officials were named as defendants in a lawsuit filed under 42 U.S.C. § 1983 by Pamela Birkenholz, director of nursing at a private mental health facility licensed by the DMH. Birkenholz alleges that defendants violated her procedural due process rights when they found her guilty of neglect of mental health patients without giving her an opportunity for a hearing. Because we determine that defendants are entitled to qualified immunity, we reverse the district court's denial of their motion for summary judgment.

## II. FACTS

Pamela Birkenholz was director of nursing at Woodhaven Learning Center (Woodhaven), a private mental health facility licensed by the DMH. In February of

1986, defendants investigated allegations of inadequate nursing care at Woodhaven, and found Birkenholz guilty of Class–I neglect.[1] She was not given notice of the allegations against her, nor was she given an opportunity for a hearing prior to defendants' decision. This finding of Class–I neglect was made part of Birkenholz' permanent records with the State Board of Nursing.

Defendants informed the executive director at Woodhaven of this finding against Birkenholz, and reminded the executive director of a state licensure standard which prohibited Woodhaven from employing any person found to have committed Class–I neglect. Woodhaven attempted to stave off the DMH by conducting its own investigation of the charges against Birkenholz, but in the end capitulated and fired Birkenholz rather than endure a license revocation hearing. Birkenholz then filed this 42 U.S.C. § 1983 action against both her employer and the DMH officials, alleging that defendants violated her procedural due process rights by finding her guilty of Class–I neglect without a hearing. Birkenholz sought, *inter alia*, compensatory and punitive damages, a name-clearing hearing, expungement of the allegation from her employment records, and reinstatement to her former position. Defendants responded with a motion to dismiss for failure to state a claim upon which relief could be granted, in which they argued that they were entitled to qualified immunity. Defendants again raised the defense of qualified immunity in a subsequent motion for summary judgment. The district court denied defendants' motions, and this appeal followed.

## III. DISCUSSION

As a general rule, a court of appeals may hear appeals only from "final decisions" of the district courts. 28 U.S.C. § 1291. A denial of summary judgment usually is not treated as final and cannot be appealed until the conclusion of a case on the merits. The refusal to dismiss a case against a public official on grounds of qualified immunity, however, is appealable as of right under the collateral order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985); *see Wright v. South Arkansas Regional Health Center, Inc.*, 800 F.2d 199, 202 (8th Cir.1986); *Drake v. Scott*, 812 F.2d 395, 397 (8th Cir.), *modified on other grounds*, 823 F.2d 239 (8th Cir.), *cert. denied*, —— U.S. ——, 108 S. Ct. 455, 98 L.Ed.2d 395 (1987).

In *Mitchell*, the United States Supreme Court premised its finding of qualified immunity on the need to protect public officials from the disruption of going to trial as well as from liability for money damages.[2] *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815. Qualified immunity, according to the Court, is "an *immunity from suit* rather than a mere defense to liability, and * * * it is effectively lost if a case is erroneously permitted to go to trial." *Id.* (emphasis in original). The *Mitchell* Court noted that the issue of qualified immunity is separate from a decision on the merits, stating that "the appealable issue is a purely legal one: whether the facts alleged * * * support a claim of violation of clearly established law."[3] *Id.* at 528, n. 9, 105 S.Ct. at 2816, n. 9.

---

1. Under regulations of the DMH, Class–I neglect is defined as the failure

   to provide reasonable and necessary services to maintain the physical and mental health of any client when such failure presents either imminent danger to the health, safety or welfare of a client or substantial probability that death or physical injury would result.

   Title 9, Department of Mental Health, Division 40(D).

2. The fact that Birkenholz seeks both equitable relief and money damages does not destroy this court's jurisdiction. The denial of a claim of qualified immunity is immediately appealable even when a plaintiff seeks equitable relief in addition to money damages. *Drake*, 812 F.2d at 398; *see Giacalone v. Abrams*, 850 F.2d 79, 84–85 (2d Cir.1988).

3. The district court's denial of defendants' motion for summary judgment on the ground that Birkenholz failed to state a due process claim is not a final order, and is thus not directly appealable under *Mitchell*. This court could reach the factual issues underlying the denial of defendants' 12(b)(6) motion. *Drake*, 812 F.2d at 399; *see Wright*, 800 F.2d at 203. We choose, however, to dispose of this case purely on qualified immunity grounds.

The standard we must apply in determining whether to order dismissal on qualified immunity grounds is well settled. Executive officials enjoy immunity from liability if their actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "[I]n the light of pre-existing law the unlawfulness [of the action in question—here, failing to grant Birkenholz a hearing] must be apparent." *Anderson v. Creighton,* —— U.S. ——, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). In this interlocutory appeal, we decide only a narrow legal question: "whether the legal norms allegedly violated by the defendant[s] were clearly established at the time of the challenged actions * * * ." *Mitchell,* 472 U.S. at 528, 105 S.Ct. at 2816. A right is "clearly established" when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson,* 107 S.Ct. at 3039.

■ The constitutional interests protected by due process—said to find their origins in the Magna Carta, *see Hurtado v. California,* 110 U.S. 516, 531, 4 S.Ct. 111, 118, 28 L.Ed. 232 (1884)—are "life, liberty and property." Birkenholz' claim is one for "procedural due process"—the constitutional duty of a state to provide fair procedures by which it gives its citizens an opportunity to try to prevent a deprivation of life, liberty or property from occurring.

"In a procedural due process claim, it is not the deprivation of property or liberty that is unconstitutional; it is the deprivation of property or liberty *without due process of law*—without adequate procedures." *Daniels v. Williams,* 474 U.S. 327, 339, 106 S.Ct. 677, 679, 88 L.Ed.2d 662 (1986) (Stevens, J., concurring) (emphasis in original).

Birkenholz argues that she has been deprived of both a liberty and a property interest because defendants' finding of Class–I neglect injured her reputation, caused her to lose her job, and foreclosed future employment opportunities with mental health facilities licensed by the State of Missouri.[4] *See O'Bannon v. Town Court Nursing Center,* 447 U.S. 773, 789 n. 22, 100 S.Ct. 2467, 2477 n. 22, 65 L.Ed.2d 506 (1980); *Merritt v. Mackey,* 827 F.2d 1368 (9th Cir.1987); *Corbitt v. Andersen,* 778 F.2d 1471 (10th Cir.1985); *Bacon v. Patera,* 772 F.2d 259 (6th Cir.1985); *Eftekhara v. Illinois Dept. of Children and Family Services,* 661 F.Supp. 522 (N.D.Ill.1987). Taking the facts alleged by Birkenholz to be true, we assume for purposes of this appeal, but do not decide, that defendants' finding of Class–I neglect without affording Birkenholz the opportunity for an agency hearing deprived her of a constitutionally protectable interest.

In ascertaining whether Birkenholz' due process rights were clearly established as a matter of law for qualified immunity purposes, we must also consider the adequacy and availability of remedies under state

In *Drake v. Scott,* 812 F.2d 395 (8th Cir.1987), a panel of this court decided a case very similar to the current case by reaching the merits of the plaintiff's due process claim. Like Birkenholz, Drake brought a due process claim against his employer and against officers of a state agency. The officials raised a qualified immunity defense in motions to dismiss for failure to state a claim and for summary judgment. A panel of this court determined that the question of whether Drake had a property interest logically preceded any discussion of qualified immunity. The panel assumed jurisdiction of the property interest question, found that Drake had no property interest in continued employment, and dismissed the due process claim.

By reaching the due process merits issue, the *Drake* panel avoided the possibility that the district court might decide on remand that Drake

had no property interest, making the whole interlocutory appeal on the question of qualified immunity a needless ritual. The risk that a decision based on qualified immunity might be obviated by subsequent district court action is not present in the current case. At oral argument, Birkenholz' counsel told us that she has settled her suit against Woodhaven. Thus, only her claims against the state defendants remain. Unlike *Drake,* Birkenholz' due process claim will not go back to the district court for trial on the merits with regard to another defendant. Therefore, there is no chance that a later decision on the merits of the due process claim will obviate a decision based on qualified immunity.

4. The record reflects that Birkenholz' license to practice nursing was not revoked by the State Board of Nursing.

law. *Parratt v. Taylor*, 451 U.S. 517, 538, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). There are two considerations antecedent to our application of *Parratt*. First, *Parratt* applies only where a 42 U.S.C. § 1983 action challenges mistakes made by a state employee, rather than the state procedures themselves. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982). Birkenholz complains solely of the "arbitrary and capricious" behavior of defendants, and does not challenge the underlying state procedures that authorized defendants' actions. Second, although *Parratt* involved an injury to "property," not "liberty," interests and Birkenholz raises both types of claims, in our view there is no logical reason to restrict the application of *Parratt* to property deprivations. The Sixth Circuit, sitting en banc, has reached the same conclusion. *Wilson v. Beebe*, 770 F.2d 578, 584 (6th Cir.1985). *See also Daniels*, 474 U.S. at 341–42, 106 S.Ct. at 680–81 (Stevens, J., concurring); *Thomas v. Booker*, 784 F.2d 299, 310–11 (8th Cir.) (Bowman, J., dissenting), *cert. denied*, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986).

Having determined that Birkenholz has satisfied these two conditions, we now examine the availability to her of remedial procedures.[5] *Parratt*, 451 U.S. at 537–38, 101 S.Ct. at 1913–14. By examining the apparent availability of remedies, we can determine whether a reasonable official in the defendants' position would have understood that failure to grant Birkenholz a hearing would violate her due process rights. If such a violation would not have been apparent in light of available remedies, Birkenholz' due process right is not "clearly established" for qualified immunity purposes. *See Mitchell*, 472 U.S. at 528, 105 S.Ct. at 2816; *Giacalone*, 850 F.2d at

85 (requiring courts to consider the operation of abstract rule underlying a right in the context of a given case before determining whether qualified immunity attaches).

Defendants suggest that Birkenholz could have sought review from the Administrative Hearing Commission pursuant to Mo.Rev.Stat. § 630.725 (1986), which provides that "any person" aggrieved by a department decision to deny or revoke a license may seek review of the department decision with the Administrative Hearing Commission. Birkenholz disagrees. Although the statute provides this avenue of appeal to "any person" and not just to the named licensee, the district court accepted Birkenholz' argument that this did not apply to the plaintiff because the department had not actually revoked Woodhaven's license. We do not dispute the district court's finding on this point. We do note, however, without deciding, that either position could be taken in good faith. With the parties disagreeing in good faith as to the adequacy of state remedies, it cannot be said under the requisite standard that the law regarding Birkenholz' due process rights was clearly established.

More forcefully, defendants suggest that Birkenholz has an adequate post-deprivation avenue for independent judicial review of defendants' actions under Mo.Rev.Stat. § 536.150 (1986). That section reads, in pertinent part:

When any administrative officer or body * * * shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person * * * and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action,

---

5. We wish to make clear that our decision in no way rests on principles of exhaustion. As stated in *Patsy v. Board of Regents*, 457 U.S. 496, 500, 102 S.Ct. 2557, 2559, 73 L.Ed.2d 172 (1982), a plaintiff bringing suit under 42 U.S.C. § 1983 is not required to exhaust state administrative remedies. In a recent decision, the Second Circuit clarified this distinction, stating: "Although

one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate." *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988); *see also Narumanchi v. Bd. of Trustees of Conn. State Univ.*, 850 F.2d 70 (2d Cir.1988).

and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such further action as it may be proper to require * * * .

Mo.Rev.Stat. § 536.150(1) (1986).

Birkenholz, however, protests that section 536.150 is aimed at review only of "agency decisions," *Milberg v. Sanders*, 524 S.W.2d 441, 442 (Mo.App.1975), and thus does not apply here because her action is mainly against her private employer, Woodhaven. The district court ruled that section 536.150 did not apply because Birkenholz was not seeking review of an "administrative decision," but of the decision of a private employer as directed by the members of an agency. After careful consideration of this statute and the case law construing it, we disagree. A reasonable official in defendants' position could have concluded in good faith that section 536.150 did provide a means of review for Birkenholz.

Section 536.150 authorizes a *de novo* post-deprivation evidentiary hearing before a Missouri circuit court, which determines the evidence and "on the facts as found adjudges the validity of the agency decision." *Phipps v. School Dist. of Kansas City*, 645 S.W.2d 91, 95 (Mo.App.1982). If the state "agency decision" triggered Woodhaven's decision to fire Birkenholz, as she maintains, then it would be reasonable to find that decision reviewable under section 536.150. Under section 536.150, one need not have a direct pecuniary or property interest to seek review. *Missouri Power and Light v. Riley*, 546 S.W.2d 792, 797–98 (Mo.App.1977). Furthermore, an individual seeking review under the section need not

be a party to an underlying administrative action, but need only be aggrieved by an administrative decision. *Schneider v. Stuart*, 575 S.W.2d 904, 911 (Mo.App.1978).

Thus, at the time of Birkenholz' firing, section 536.150 appeared to provide her with a remedy amply sufficient to comport with due process requirements. As stated in *Harlow*, 457 U.S. at 815, 102 S.Ct. at 2736, qualified immunity is defeated if an official knew or reasonably should have known that the action he took would violate the plaintiff's constitutional rights. We find that it was reasonable and an action of good faith for defendants to conclude that section 536.150 provided Birkenholz with an adequate remedy and that they need not grant Birkenholz a hearing to satisfy due process. Given the adequacy of Birkenholz' remedies under state law, any due process violation by defendants could not have been apparent. Because any violation could not have been apparent, Birkenholz' due process right was not "clearly established" for qualified immunity purposes. Therefore, in light of the requirements set forth in *Harlow* and *Anderson*, defendants are protected by qualified immunity.

Accordingly, the decision of the district court denying defendants' motion for summary judgment is reversed and remanded with directions to dismiss.