960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Richard H. SCHAEFER, Appellee,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Appellant.
 No. 91-3494.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 14, 1992.
Filed: April 17, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 The Secretary of Health and Human Services appeals the district court's order awarding attorney's fees to claimant Richard H. Schaefer under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1988). We affirm.
 
 
 2
 After the Secretary denied Schaefer's initial application for disability benefits, Schaefer sought judicial review. Finding the Secretary's position was not supported by substantial evidence, the district court remanded the case to the Secretary on April 5, 1989 for further proceedings. On January 31, 1990, the Secretary awarded Schaefer benefits. Neither party returned to the district court until July 18, 1990, when Schaefer filed a motion for entry of judgment and an application for attorney's fees under EAJA. The Secretary argued Schaefer's fee application was untimely under Melkonyan v. Sullivan, 111 S. Ct. 2157 (1991). See 28 U.S.C. § 2412(d)(1)(B) (1988) (fee claimant must file application "within thirty days of final judgment in the action"). Relying on Welter v. Sullivan, 941 F.2d 674, 675-76 (8th Cir. 1991), the district court concluded a final judgment had not yet been entered and thus Schaefer's fee application was timely.
 
 
 3
 On appeal, the Secretary concedes Welter controls this case but contends Welter was wrongly decided. One panel of this court, however, cannot "disregard a precedent handed down by another panel. Only the [c]ourt en banc can take [this] action." Drake v. Scott, 812 F.2d 395, 400 (8th Cir.), cert. denied, 484 U.S. 965 (1987). Based on the Secretary's concession that Welter controls, we affirm the district court.