72 F.3d 133
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Rondell E. LOFTIN, Individually, Pro Se; Ronald F. Davis,
Individually, Pro Se; George M. Giacometti, Individually,
Pro Se; Americans Developing and Preserving Together, Inc.;
Amerifirst, Inc., Appellants,
v.
UNITED STATES of America; Arkansas, State of; Arkansas
Securities Department; Beverly Bassett, Attorney,
Individually and in her professional capacity as
Commissioner of the Arkansas Securities Department; Joe E.
Madden, Jr., Attorney, Individually and in his professional
capacity as Commissioner of the Arkansas Securities
Department; Becky Berry, Individually, and in her
professional capacity as Deputy Commissioner of the Arkansas
Securities Department; John Moore, Attorney, Individually,
and in his professional capacity as staff member of the
Arkansas Securities Department; David Smith, Attorney,
Individually, and in his professional capacity as staff
member of the Arkansas Securities Department; Drake Mann,
Attorney, Individually, and in his professional capacity as
staff member of the Arkansas Securities Department; Ethel
Rossi, Individually, and in her professional capacity as
staff member of the Arkansas Securities Department; Charles
Browning, Individually, and in his professional capacity as
staff member of the Arkansas Securities Department; Bruce
Bokony, Attorney, Individually, and in his professional
capacity as staff member of the Arkansas Securities
Department; Small Business Administration; Patricia F.
Saiki, Individually, and in her professional capacity as
Administrator of the Small Business Administration; Charles
Hertzberg, Individually, and in his professional capacity as
Assistant Administrator of the Small Business
Administration; James Hammersley, Individually, and in his
professional capacity as Director of Secondary Market
Activities; Romona Powell, Attorney, Individually, and in
her professional capacity as General Counsel of the Small
Business Administration; National Credit Union Association;
Richard Schulman, Attorney, Individually, and in his
professional capacity as staff member of The National Credit
Union Administration; Dominic Carullo, Individually, and in
his professional capacity as staff member of The National
Credit Union Administration; Hal Laflure, Individually, and
in his professional capacity as staff member of the National
Credit Union Administration; John Does, 1-100, Appellees.
 No. 95-2150.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 5, 1995.
Filed Dec. 15, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rondell E. Loftin, Ronald F. Davis, George M. Giacometti, ADAPT, Inc., Americans Developing and Preserving Together, Inc., and Amerifirst, Inc., (plaintiffs) appeal from district court[1] orders disposing of their 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Loftin was president of U.S. Associates, Inc., a registered securities broker/dealer, and Davis was a registered securities representative and U.S. Associates employee. In 1989 the Arkansas Securities Department (ASD) initiated proceedings to revoke Loftin's and Davis's securities licenses. The ASD Commissioner appointed ASD staff attorney Joe Madden as hearing officer. During a break in the hearing, Madden and four ASD representatives were overheard discussing the evidence and the parties in a biased and inappropriate manner. After Loftin and Davis were found guilty of the charges and the ASD entered a revocation order, the state court reversed the order because of the appearance that a fair hearing had been denied. Madden appealed, and the Arkansas Court of Appeals affirmed. Madden v. U.S. Assocs., Inc., 844 S.W.2d 374 (Ark.Ct.App.1992). During this period, the National Credit Union Administration (NCUA) served an administrative subpoena on Davis's client, Giacometti; and the Small Business Administration (SBA) barred Davis from participating in its secondary market of SBA guaranteed loans.
 
 
 3
 In their complaint, plaintiffs claim the federal defendants--the United States, the SBA and four of its employees, and the NCUA and three of its employees--conspired with the state defendants--the State of Arkansas, and the ASD and nine of its present and former employees--to deprive them of their right to work in the securities industry, to destroy their professional reputations and relationships, and to deny them procedural and substantive due process. Plaintiffs sought monetary damages.
 
 
 4
 The federal defendants moved for dismissal or summary judgment. The district court granted the motion, concluding that the SBA had afforded Davis due process, in light of the findings in Davis v. United States Small Business Admin., No. LR-C-92-484 (E.D.Ark. Mar. 30, 1994); and that the court lacked in personam jurisdiction over the NCUA defendants. The state defendants also moved to dismiss. The district court granted the motion in part, concluding the State of Arkansas, ASD, and state officials in their official capacities were not "persons" for purposes of section 1983; the claims against Madden were barred by the doctrine of judicial immunity; and there were insufficient facts alleged against the ASD Commissioner and three of the ASD employees to state a constitutional claim. The district court also dismissed plaintiff Giacometti because his claims were against only the dismissed NCUA defendants, and dismissed the corporate plaintiffs because they were not represented by counsel.
 
 
 5
 The district court later granted summary judgment in favor of the four remaining ASD employees who participated in the ex parte discussions. The court concluded that, even if plaintiffs stated a deprivation of a protected liberty or property interest, their claim was barred because Arkansas provided, and plaintiffs successfully pursued, post-deprivation remedies in state court for defendants' "random and unauthorized" conduct; any substantive due process claim was likewise barred. Plaintiffs appeal all orders.
 
 
 6
 Plaintiffs do not dispute that Giacometti and the NCUA defendants lacked any contacts with Arkansas, but they argue that actions taken by the NCUA defendants also harmed Loftin and Davis. The relevant inquiry in establishing personal jurisdiction, however, is what contacts defendants have with the forum state, not what contacts they have with a resident of that forum. See Institutional Food Marketing Assocs. v. Golden State Strawberries, Inc., 747 F.2d 448, 456 (8th Cir.1985). We also agree that the due process claims against the SBA officials in their individual capacities failed based on Davis.
 
 
 7
 Sovereign immunity bars any claim against the United States, SBA, NCUA, and federal officials in their official capacities for damages from a constitutional tort. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Laswell v. Brown, 683 F.2d 261, 267-68 (8th Cir.1982), cert. denied, 459 U.S. 1210 (1983). The district court's dismissal of the State of Arkansas, ASD, and state officials in their official capacities was also proper. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).
 
 
 8
 We agree with the district court that the factual allegations against the ASD Commissioner did not rise to a constitutional violation. A cause of action for defamation is not cognizable under section 1983. Miner v. Brackney, 719 F.2d 954, 955 (8th Cir.1983) (per curiam), cert. denied, 467 U.S. 1259 (1984); see also DeCamp v. Douglas County Franklin Grand Jury, 978 F.2d 1047, 1049-50 (8th Cir.1992), cert. denied, 113 S.Ct. 3036 (1993). The claims against one of the ASD employees for his wrongful denial of plaintiffs' request for documentation under the state's freedom of information act and "state law" is not cognizable under section 1983. See Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1105 (8th Cir.1992) (even a "bad faith violation of state law remains only a violation of state law"). We also agree that plaintiffs did not assert sufficient facts against two other ASD employees to state a constitutional claim. Because Madden's alleged wrongdoing involved his role as hearing officer, we conclude Madden was entitled to absolute judicial immunity. See Butz v. Economou, 438 U.S. 478, 512-13 (1978).
 
 
 9
 The dismissal of Giacometti as plaintiff was proper because all of his claims, which involved only the federal defendants, were properly dismissed. The sua sponte dismissal of the corporate plaintiffs was also proper; a corporation may appear in federal court only through licensed counsel. Rowland v. California Men's Colony, 113 S.Ct. 716, 721 (1993).
 
 
 10
 Finally, we conclude the district court properly granted summary judgment. Even assuming plaintiffs were deprived of a protected liberty or property interest, we agree that their due process claims were barred because defendants' actions were random and unauthorized, and plaintiffs had adequate post-deprivation remedies. See Parratt v. Taylor, 451 U.S. 427 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Birkenholz v. Sluyter, 857 F.2d 1214, 1217 (8th Cir.1988) (liberty and property interest deprivations treated similarly). The alleged actions of the ASD employees were "unauthorized" in the sense that Arkansas law clearly prohibits ex parte communications and perjury, see Ark.Code Ann. Secs. 25-15-209(a), 5-23-101 (Michie 1992), and were unpredictable and unforeseeable. See also Johnson v. Louisiana Dep't of Agric., 18 F.3d 318, 321 (5th Cir.1994). Moreover, Arkansas provides for judicial review of agency decisions if the decision violates constitutional or statutory provisions, exceeds agency authority, is made upon unlawful procedures, is not supported by substantial evidence, or is characterized by abuse of discretion. Ark.Code Ann. Sec. 25-15-212(h). The adequacy of the state post-deprivation remedies is evidenced here by the actual reversal of the ASD's revocation order. The substantive due process claims were likewise barred. See Weimer v. Amen, 870 F.2d 1400, 1406 (8th Cir.1989).
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas