_____

No. 95-3097
_____

Evan F. Zakrzewski,                        *
                                           *
           Plaintiff-Appellant,            *   Appeal from the United States
                                           *   District Court for the
     v.                                    *   District of Nebraska.
                                           *
Charles R. Fox; Allan Rowse;        *
Thomas Herzog; Steve Fernau;        *
County of Holt, State of            *
Nebraska; Board of Supervisors,     *
of the County, the board            *
consisting of Gary Oberding,        *
Robert Young, Mel Selting,          *
Harold Melcher, Gene Schaff,        *
Dean Funk and Fred Krugman;         *
Forrest Peetz,                             *
                                           *
           Defendants-Appellees.    *

_____

Submitted:  February 23, 1996

Filed:  July 2, 1996
_____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
_____

HANSEN, Circuit Judge.

     Evan F. Zakrzewski appeals the district court's[1] grant of summary judgment in favor of the defendants in this 42 U.S.C. § 1983 action. Zakrzewski filed this action against the county and its board of supervisors, the county sheriff (Charles R. Fox), two deputies sheriff (Allan Rowse and Steve Fernau), the county

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

prosecuting attorney (Thomas Herzog), and Zakrzewski's ex-wife's private attorney (Forrest Peetz), claiming that they violated his constitutional rights to be free from unreasonable seizure and unreasonable interference with his parent-child relationship. The district court concluded that the events complained of did not amount to a constitutional violation. We agree.

We review a district court's grant of summary judgment de novo, using the same standards as the district court. See Disesa v. St. Louis Community College, 79 F.3d 92, 94 (8th Cir. 1996). We will affirm the decision if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Landreth v. First Nat'l Bank of Cleburne County, 45 F.3d 267, 268 (8th Cir. 1995). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Central to this action is a dispute between Zakrzewski and his ex-wife over Zakrzewski's court-decreed visitation rights with his son. Pursuant to the divorce decree, Zakrzewski's ex-wife has legal custody of the child and Zakrzewski has reasonable visitation, including a period of Tuesday through Sunday once per month and every other holiday. The particular Tuesday through Sunday period was left to the parties to work out each month. While Zakrzewski was out of town with his work, his ex-wife arranged to send the boy to Zakrzewski's parents' home for the May, 1993, Tuesday through Sunday period (which happened to include the holiday of Memorial Day weekend). Zakrzewski is an over-the-road truck driver and did not learn that his son was at his parents' home until Friday of that week. He shortened his trip and returned home late Saturday night. Monday was the Memorial Day holiday, and it was also his holiday to have the boy. The next day was Tuesday, June 1.

On Tuesday, June 1, 1993, Zakrzewski's ex-wife called, insisting that his visitation had ended with the Memorial Day holiday and demanding that he return the child to her. Zakrzewski protested, wanting to keep the child that week for his June Tuesday through Sunday visitation period. The same day, the ex-wife's attorney, Forrest Peetz, spoke with County Sheriff Fox, accusing Zakrzewski of refusing to return the child in violation of the divorce decree and requesting assistance in returning the child to the mother. Sheriff Fox then called Zakrzewski with a warning to return the child as the ex-wife demanded or face a felony charge with the potential for a three- to five-year prison term. Zakrzewski went to the sheriff's office to protest the sheriff's demand and was told to deliver his son by 4:00 p.m. that day to the designated third person who would then, in turn, return the child to the mother. Sheriff Fox indicated that a state district court judge had been consulted and advised them "to do anything it took to get that son back to his mother." (Appellees' App. at 330 (Zakrzewski's Dep.)).

On his way home from the sheriff's office, Zakrzewski encountered deputies Rowse and Fernau, who approached his vehicle from the opposite direction. The deputies motioned for Zakrzewski to stop, but they did not turn on their warning lights. He immediately stopped his vehicle and walked over to the deputies, who remained in their car. Deputy Rowse told Zakrzewski that they had orders to take the child and deliver him to the designated third person. They threatened to arrest Zakrzewski if he refused to comply. Zakrzewski then asked if he, rather than the deputies, could be allowed to return the boy. The deputies consented, and Zakrzewski returned his son without further incident.

Zakrzewski states that he believed he would have been restrained had he refused to cooperate. Earlier in the day, County Attorney Herzog, who had spoken with a Nebraska district court judge, advised the deputies to return the child without arresting

Zakrzewski. The judge issued no orders. Zakrzewski contends that other less significant incidents and disputes with the defendant law enforcement officials occurred as well, but we will not recount them here.

The district court determined that even accepting as true all of Zakrzewski's evidence and giving him the benefit of every reasonable inference, the events simply do not rise to the level of a constitutional violation. Additionally, the court concluded that defendant Peetz is not a state actor within the meaning of § 1983 and that the officers were entitled to qualified immunity. Thus, the court granted summary judgment to the defendants. Zakrzewski appeals.

To sustain a claim under § 1983, Zakrzewski must demonstrate that persons acting under color of state law deprived him "of any rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "The first inquiry in a § 1983 claim is to determine `[w]hether the plaintiff has been deprived of a right `secured by the Constitution and laws' of the United States." Doe v. Wright, 82 F.3d 265, 268 (8th Cir. 1996) (quoting Martinez v. California, 444 U.S. 277, 284 (1980)). "The answer to that inquiry disposes of this case." Martinez, 444 U.S. at 284.

Zakrzewski contends that the defendants unreasonably interfered with his liberty interest in parenting his son because his visitation was unreasonably interrupted. It is beyond question that "`[p]arents have a fundamental `liberty interest' in the care, custody, and management of their children.'" Fitzgerald v. Williamson, 787 F.2d 403, 407 (8th Cir. 1986) (quoting Ruffalo v. Civiletti, 702 F.2d 710, 715 (8th Cir. 1983), citing Santosky v. Kramer, 455 U.S. 745, 753 (1982)) (alteration in original). This right, however, is not absolute. Manzano v. South Dakota Dep't of Social Servs., 60 F.3d 505, 510 (8th Cir. 1995). Zakrzewski's

4

liberty interest in the care, custody, and management of his son has been substantially reduced by the terms of the divorce decree and Nebraska law. Zakrzewski contends that his right to visitation under the decree is itself a protected liberty interest that the defendants unreasonably infringed. Although we have "recognize[d] the possibility that visitation and placement decisions may be subject to due process scrutiny, as such decisions may infringe upon a parent's interest in the `care, custody, and management of their child,'" Fitzgerald, 787 F.2d at 408 (quoting Santosky, 455 U.S. at 753), we have not yet found a case where the right to visitation was infringed in a manner that rose to the level of a constitutional violation.

To the extent Zakrzewski claims a substantive due process violation of his parenting liberty interest, he must demonstrate that the defendants abused their official power in a manner that shocks the conscience, regardless of whether state-law remedies are available. New v. City of Minneapolis, 792 F.2d 724, 725-26 (8th Cir. 1986). "[T]he theory of substantive due process is properly reserved for truly egregious and extraordinary cases," Myers v. Scott County, 868 F.2d 1017, 1019 (8th Cir. 1989), and it "proscribes `certain government actions regardless of the fairness of the procedures used to implement them.'" Williams-El v. Johnson, 872 F.2d 224, 228-29 (8th Cir.) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)), cert. denied, 493 U.S. 871 and 493 U.S. 824 (1989).

We conclude that the facts of this case are insufficient to indicate that the defendants intentionally infringed upon Zakrzewski's liberty interest in a manner that shocks the conscience. Zakrzewski was not deprived of his parental right of visitation. Rather, his visitation period was temporarily cut short on one occasion when law enforcement officials were confronted with a complaint that Zakrzewski had violated the visitation terms of the decree. The sheriff contacted the county

5

attorney who contacted a state district court judge.  The deputies were advised to seek the return of the child to his mother, who is the custodial parent.  The officials threatened arrest if Zakrzewski did not return the child.  Zakrzewski was not arrested, he was not subjected to unreasonable force, and he consented to return the child himself.  Even assuming the officials deviated from proper procedure, the one-time interruption of Zakrzewski's right to visitation in this case does not amount to a deprivation of liberty.  The official conduct in this case was within the bounds of reasonableness and does not shock the conscience.  Consequently, Zakrzewski's substantive due process claim fails.

Zakrzewski also contends that he was denied procedural due process because his visitation was interrupted absent any pre-deprivation due process.  The Supreme Court has held that a procedural due process claim lacks merit where there exists an adequate state court remedy.  Parratt v. Taylor, 451 U.S. 527 (1981).  This doctrine applies to deprivations of property or liberty.  Williams-El, 872 F.2d at 224 (citing Birkenholz v. Sluyter, 857 F.2d 1214, 1217 (8th Cir. 1988)).  Zakrzewski's procedural due process claim fails both because he has failed to meet the fundamental showing that he was deprived of his liberty interest and because he has not shown that the state remedies are inadequate.  Nebraska state law provides remedies for enforcing visitation orders.  See Neb. Rev. Stat. Ann. § 42-364.15 (1988) (courts may modify a visitation order or hold the noncomplying parent in contempt).  Following the incident at issue in this case, Zakrzewski invoked the available state court remedies, and there is no allegation that law enforcement officers attempted to prevent him from doing so.  In fact, the Holt County District Court held Zakrzewski's ex-wife in contempt for violating the divorce decree.

Our holding that this case presents no constitutional violation is consistent with a similar Tenth Circuit case.  See Wise v. Bravo, 666 F.2d 1328 (10th Cir. 1981).  There as here, the

mother had custody of the child, and a dispute arose over the father's right to visitation. There as here, the police intervened, and the father voluntarily surrendered the child, feeling threatened by the officers. The Tenth Circuit concluded that no constitutional deprivation occurred, and in any event noted that "[a]ny deprivation of Wise's visitation rights was so insubstantial in duration and effect it failed to rise to a federal constitutional level. This is so, particularly in light of the fact that Wise surrendered the child without protest." Id. at 1333. The case before us is, for the most part, indistinguishable from Wise, and we agree with the reasoning set forth in that case.

Zakrzewski also contends that he suffered an unreasonable seizure because the officers in effect forced him to use his child as bail. There is no merit to this contention under the facts presented in this case. Zakrzewski was neither arrested nor seized. Again we find no constitutional deprivation.

In sum, even giving Zakrzewski the benefit of every inference in the evidence, we find no facts that rise to the level of a constitutional deprivation. Absent a constitutional deprivation, Zakrzewski's § 1983 claim against each defendant necessarily fails, and we need not consider the issues of whether Peetz was a state actor or whether the officers were entitled to qualified immunity. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

7