# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2976
_____

Loretta Runs After, next friend and legal guardian of T.M. (a minor child)

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of South Dakota - Pierre
_____

Submitted: June 10, 2013
Filed: July 1, 2013
[Unpublished]
_____

Before LOKEN, BEAM, and BYE, Circuit Judges.
_____

PER CURIAM.

Loretta Runs After filed an administrative claim with the Department of the Interior alleging the staff of the Cheyenne River Juvenile Detention Center was negligent in their supervision of "T.M.," the grandson of Runs After. Runs After claims the negligence of the staff at Cheyenne River fell within the Federal Tort

Claims Act (FTCA), 28 U.S.C. § 1346(b). The district court[1] dismissed the claim because Runs After failed to present evidence on her Standard Form (SF) 95 of her authority to bring a claim on behalf of T.M., a minor. See 28 C.F.R. § 14.2(a) (indicating SF 95 is the proper form for presenting FTCA claims). Runs After appeals, arguing the district court should have created an extenuating circumstances exception to 28 C.F.R. § 14.2's presentment requirement. We affirm.

The FTCA is a "limited waiver of sovereign immunity" applying to negligent acts by government employees. United States v. Orleans, 425 U.S. 807, 813 (1976). Before the United States can be sued under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a). The presentment requirement has been defined to require "evidence of authority to present a claim on behalf of the claimant as . . . parent, guardian or other representative." 28 C.F.R. § 14.2(a).

This court has determined a "properly presented claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." Mader v. United States, 654 F.3d 794, 803 (8th Cir. 2011) (en banc). In fact, the presentment requirement is a "jurisdictional precondition to filing an FTCA suit in federal district court." Id. at 804.

Only an en banc court can disregard circuit precedent. See Drake v. Scott, 812 F.2d 395, 400 (8th Cir. 1987). Because providing evidence to satisfy the presentment requirement is "far from burdensome[,]" Mader, 654 F.3d at 804, and Runs After presents no authority for this court to create an extenuating circumstances exception, we decline to create one here.

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

The judgment is affirmed.

_____