823 F.2d 239
 108 Lab.Cas. P 55,848, 2 Indiv.Empl.Rts.Cas. 559
 Don G. DRAKE, Appellee,
v.
Ray SCOTT, Director of Arkansas Dept. of Human Services;
Dr. Curtis Ivery, Commissioner of Social Services;
and Roy Kindle, Director of Pulaski
County Social Services, Appellants.
 No. 86-1353.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 15, 1987.
Decided July 9, 1987.
 
 Tim Humphries, Asst. Atty. Gen., Little Rock, Ark., for appellants.
 John Wesley Hall, Jr., Little Rock, Ark., for appellee.
 Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 This case is again before us, on petitions for rehearing filed by both sides.
 
 
 2
 Our previous opinion, 812 F.2d 395 (8th Cir.1987), held: (1) the District Court correctly denied the defendant employer's motion for summary judgment on the plaintiff employee's claim that he was discharged on account of the exercise of First Amendment rights; and (2) the District Court incorrectly denied defendants' motion for summary judgment on plaintiffs' claim that his discharge deprived him of property (his job) without (procedural) due process of law.
 
 
 3
 The appellants' (defendants') petition for rehearing, contesting our holding on the First Amendment claim, is denied. This issue was sufficiently discussed in our previous opinion. The appellee's (plaintiff's) petition for rehearing, contesting our holding on the procedural-due-process claim, is granted. On reconsideration, however, we adhere to the result previously reached, that plaintiff had no federal constitutional right of property in his job.[1]
 
 
 4
 Our previous rejection of the plaintiff's procedural-due-process claim was based on Hogue v. Clinton, 791 F.2d 1318 (8th Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986). At that time, we read Hogue to hold that under Arkansas law[2] "all employment contracts with no fixed term [a category that includes the present plaintiff's situation] are terminable at will, even if there is a provision in the employment contract that an employee will not be discharged except for good cause." Drake v. Scott, 812 F.2d at 400 (emphasis in original). Under this reading of Hogue, it was unnecessary for us to interpret the particular regulation relied on by plaintiff, AR 703.6, or to decide whether the regulation was invalid as contrary to statute, Ark.Stat.Ann. Sec. 5-912i(A) (Supp.1985). It did not matter whether the regulation guaranteed that plaintiff would not be discharged except for good cause. All that mattered was that the contract of employment contained no fixed term of months or years.
 
 
 5
 As plaintiff points out, this reading of Arkansas law is no longer tenable. The Supreme Court of Arkansas has now reexamined the employment-at-will doctrine and announced a clear rule: if the contract of employment (which may be embodied in a personnel manual, or, as here, in a regulation) "contains an express provision against termination except for cause [an employee] may not be arbitrarily discharged in violation of such a provision." Gladden v. Arkansas Children's Hosp., 292 Ark. 130, 136, 728 S.W.2d 501, 505 (1987) (emphasis in original). "[W]e reject as outmoded and untenable the premise announced in St. Louis Iron Mt. Ry. Co. v. Matthews, 64 Ark. 398, 42 S.W. 902 (1897), that the at will rule applies even where the employment agreement contains a provision that the employee will not be discharged except for cause, unless it is for a definite term." 292 Ark. at 136, 728 S.W.2d at 505.[3]
 
 
 6
 Accordingly, the mere fact that the plaintiff was not employed for a fixed term can no longer be treated as dispositive of his claim that he had a property right in his job. Under Gladden, which was handed down after our previous opinion in this case and (of course) after Hogue as well,[4] the analysis must be pursued to a more refined level. We must ask whether the regulation relied on by the plaintiff Drake expressly provides that there will be no termination except for cause.
 
 
 7
 For convenience, we again quote AR 703.6 of the Arkansas Department of Human Services:
 
 
 8
 The tenure of every permanent employee is based on satisfactory performance of duties. Permanent appointment does not guarantee a right to the position regardless of performance level; satisfactory performance is a condition of continued employment in any position. An employee is subject to discharge, suspension, demotion, or other disciplinary action for any of the following causes: insubordination, incompetence, unrehabilitated narcotics addiction, dishonesty, unrehabilitated alcoholism, conduct which adversely affects the employee's performance for the Division, conduct unbecoming a public employee, and misconduct. This provision, however, shall not be interpreted to prevent the separation of an employee because of lack of funds or curtailment of work.
 
 
 9
 A good argument can be made that this provision, by implication, assures employees that they will not be fired except for one of the listed causes. But under Arkansas law, as recently explained in Gladden, that is not enough. The promise must be express, or else there is no enforceable contract, and, hence, no property right for purposes of the Due Process Clause. In Gladden itself one of the plaintiffs relied on an employment manual that listed a number of reasons (13, in fact) that would justify termination. 292 Ark. at 134, 728 S.W.2d at 503. In the view of the Supreme Court of Arkansas, that was not enough. Here, as in Gladden, there is no "express provision that discharge will not be without cause...." Id. at 136, 728 S.W.2d at 505. The claim of a property interest in the plaintiff's job must therefore fail, and it remains unnecessary for us to decide whether AR 703.6 is invalid as contrary to statute. (It appears, in any event, that if the regulation is construed as no more than a nonexclusive list of possible causes for discharge--and under Gladden we must so construe it--any conflict between the regulation and the statute, which provides that employees of the Department of Human Services, with exceptions not here relevant, serve at the pleasure of the Director, is illusory only.)
 
 
 10
 Therefore, on rehearing, we adhere to the result reached by our previous opinion. That portion of the District Court's order that denied summary judgment on plaintiff's First Amendment claim is affirmed. The denial of summary judgment on plaintiff's procedural-due-process claim is reversed, and this portion of the complaint should be dismissed with prejudice on remand.
 
 
 11
 Affirmed in part, reversed in part, and remanded with instructions.
 
 
 
 [1]
 A separate order is being entered today denying appellee's petition for rehearing en banc
 
 
 [2]
 Whether a certain interest is "property" within the meaning of the Due Process Clause of the Fourteenth Amendment depends on state law. E.g., Bishop v. Wood, 426 U.S. 341, 344 & n. 7, 96 S.Ct. 2074, 2077 n. 7, 48 L.Ed.2d 684 (1976)
 
 
 [3]
 For a good description of the pre-Gladden evolution of the at-will doctrine in Arkansas, see Youngdahl, The Erosion of the Employment-At-Will Doctrine in Arkansas, 40 Ark.L.Rev. 545 (1987)
 
 
 [4]
 In Stow v. Cochran, 819 F.2d 864 (8th Cir.1987), another panel of this Court adopted the same reading of Hogue and of Arkansas law as we had espoused in our previous opinion on this appeal--that if there were no fixed term of employment, it did not matter whether the contract provided that there could be no discharge without good cause. The Stow panel evidently did not have Gladden called to its attention. Gladden was decided after the oral argument in Stow and only shortly before the filing of the Stow opinion. The result in Stow would apparently have been the same in any case, and for much the same reasons as apply to the case before us. The employment manual relied on by the plaintiff in Stow did not expressly provide that employees could be discharged only for cause. Stow claimed only an implied contract to that effect. Stow v. Cochran, at 868