960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Kent Jenkins Sales, Inc., Appellant,
v.
Prestigeline, Inc., a New York Corporation, Appellee.
 No. 91-3590WA.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 16, 1992.
Filed: April 27, 1992.
 
 Before FAGG and WOLLMAN, Circuit Judges, and BOGUE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Kent Jenkins, sole owner and operator of Kent Jenkins Sales, Inc. (Jenkins Sales) agreed to work for Prestigeline, Inc. (Prestigeline) as a sales representative to Wal-Mart Stores. Jenkins's employment contract did not specify the length of his employment, but Prestigeline "reserve[d] the right to terminate [Jenkins] ... [if he was] not performing to [Prestigeline's] satisfaction." After Prestigeline terminated Jenkins, Jenkins Sales brought this breach of contract action contending Prestigeline terminated Jenkins in bad faith. The district court granted summary judgment in favor of Prestigeline. Jenkins Sales appeals and we affirm.
 
 
 2
 Jenkins's contract does not expressly provide Prestigeline can only terminate Jenkins for cause. See Drake v. Scott, 823 F.2d 239, 241-42 (8th Cir.) (interpreting similar termination clause under Arkansas law), cert. denied, 484 U.S. 965 (1987). Thus, under the Arkansas employment-at-will doctrine, Jenkins's employment contract was terminable at the will of either party. Smith v. American Greetings Corp., 804 S.W.2d 683, 684 (Ark. 1991); see Drake, 823 F.2d at 241-42. Under this doctrine, Prestigeline had no contractual duty to act in good faith in terminating Jenkins. See Smith, 804 S.W.2d at 684-86. Nevertheless, Jenkins Sales contends Prestigeline could not terminate Jenkins in bad faith because he was an independent contractor. Independent contractors in Jenkins's situation, however, have no greater protection from termination than an employee. See Union Nat'l Bank v. Federal Nat'l Mortgage Ass'n, 860 F.2d 847, 853 (8th Cir. 1988) (interpreting Arkansas law). We conclude the district court properly ruled in favor of Prestigeline.
 
 
 3
 Jenkins Sales also contends Prestigeline owes Jenkins commissions on Prestigeline's sales to Wal-Mart Stores after Jenkins's termination. The employment contract's plain and unambiguous language, however, provides Jenkins will only be paid commissions from the time Prestigeline notifies Jenkins of termination until the time Jenkins is terminated. Thus, the district court properly ruled in favor of Prestigeline on this claim as well.
 
 
 4
 We have carefully considered Jenkins Sales's remaining arguments and find they lack merit. Accordingly, we affirm the district court's order granting summary judgment in Prestigeline's favor. See 8th Cir. R. 47B.
 
 
 
 *
 The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation