The Honorable John H. Dawson State Representative Post Office Box 336 Camden, Arkansas 71701-0336
Dear Representative Dawson:
This is in response to your request for an opinion concerning whether a newly elected sheriff may "fire" deputies and employees hired by the former sheriff. You state in your letter that the voters of Columbia County elected a new sheriff at the November 1996 general election. After taking office, the new sheriff attempted to replace several employees, including deputy sheriffs. Regarding this situation, you have presented the following question:
 May the new sheriff "fire" all the deputies and employees of the former sheriff or do the deputies and employees have some "expectancy" of continued employment, some" property interest" in their jobs, or some other kind of "protection"?
As an elected official of the county, the sheriff has the authority to hire and fire his or her employees. See Ark. Const. Amend. 55, § 3; Op. Att'y Gen. No. 87-312; A.C.A. § 14-14-805(2) (1987). The terminated employees may, however, have legal remedies such as a cause of action for wrongful discharge or a cause of action for a violation of the First orFourteenth Amendments to the United States Constitution. Because the remedies available to the terminated employees depend upon all the surrounding facts and circumstances, I cannot offer a conclusive response to your question. Nevertheless, I will set out some legal principles that may be implicated under your question.
Initially, it must be noted that if the deputies and employees are employed pursuant to a contract, then they may have some "protection" based upon the terms of the contract. The Arkansas Supreme Court has concluded that, even if the employment agreement is not for a definite term, the employment-at-will doctrine is not applicable where the agreement contains a provision that the employee will not be discharged except for cause. Gladden v. Ark. Children's Hosp., 292 Ark. 130,728 S.W.2d 501 (1987). It has also been stated that an employee has a legitimate expectation of continued employment that implicates the due process clause if his contract is for a term of years that has not yet run, or if it expressly states that he may be terminated only for cause.Drake v. Scott, 823 F.2d 239 (8th. Cir. 1987), cert denied 484 U.S. 965
(1987). Due process requires that an employee who has a property interest in continued employment be given a hearing prior to his termination.Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). Thus, it is possible that a terminated employee may have a cause of action for a violation of due process or a cause of action for wrongful termination based upon the terms of the employment contract.
The Arkansas Supreme Court has stated that "it is a general rule that when the term of employment in a contract is left to the discretion of either party, or left indefinite, or terminable by either party, either party may put an end to the relationship at will and without cause." Cityof Green Forest v. Morse, 316 Ark. 540, 873 S.W.2d 154 (1994). Further, the court stated that employment is generally held only by mutual consent, and at common law the right of the employer to terminate the employment is unconditional and absolute. Id. The court, however, has approvingly quoted from a United States District Court opinion that outlined four general exceptions to the employment-at-will doctrine:
 Arkansas law would recognize at least four exceptions to the at-will doctrine, excluding implied contracts and estoppel. These are: (1) cases in which the employee is discharged for refusing to violate a criminal statute; (2) cases in which the employee is discharged for exercising a statutory right; (3) cases in which the employee is discharged for complying with a statutory duty; and (4) cases in which employees are discharged in violation of the general public policy of the state.
Sterling Drug, Inc. v. Oxford, 294 Ark. 239, 743 S.W.2d 380 (1988) (quoting Scholtes v. Signal Delivery Serv., Inc., 548 F. Supp. 487 (W.D. Ark. 1982)); see also Marine Services Unlimited, Inc. v. Rake,323 Ark. 757, 918 S.W.2d 132 (1996) and M.B.M. Co. v. Counce, 268 Ark. 269,596 S.W.2d 681 (1980). A terminated employee could conceivably have a cause of action for wrongful discharge if his or her termination falls within an exception to the employment-at-will doctrine.
In addition, the Arkansas Supreme Court has modified the employment-at-will doctrine to provide that where an at-will employee relies on a personnel manual or employment agreement that expressly states that he or she cannot be discharged except for cause, the employee may not be arbitrarily discharged in violation of such a provision.Gladden v. Ark. Children's Hosp., 292 Ark. 130, 728 S.W.2d 501 (1987). A violation of such an agreement gives rise to a cause of action for wrongful discharge. See Crain Industries, Inc. v. Cass, 305 Ark. 566,810 S.W.2d 910 (1991). A United States District Court has also specifically discussed the effect of a county personnel policy with regard to the termination of a deputy sheriff.[1] Karr v. Townsend, 606 F. Supp. 1121
(W.D. Ark. 1985); see also Mysinger v. Foley, 651 F. Supp. 328 (W.D. Ark. 1987). The court noted that the employment was not under tenure or contract, nor was there any clearly implied promise of continued employment. Karr, supra. The court therefore concluded that unless the county personnel policies legally and effectively granted to the deputy the contractual right to his employment or a legally enforceable expectancy of continued employment, it granted to him no property interest protected by the due process clause of the constitution. Id. The Eighth Circuit Court of Appeals has stated that the existence of a grievance procedure does not itself create a property interest in continued employment; the grievance procedure must create an expectancy of continued employment, not merely an expectancy of review of termination. Stow v. Cochran, 819 F.2d 864 (8th. Cir. 1987). Thus, it is possible that a terminated employee could have a cause of action for a violation of due process based upon a personnel policy.
Finally, it should be noted that the United States Supreme Court has held that a public employee has a First Amendment right to engage in political activities such as supporting the opponent of the official they work for, or refraining from supporting their "boss," and that a termination because of such activity gives the terminated employee a cause of action. Mysinger v. Foley, 651 F. Supp. 328 (W.D. Ark. 1987) (citingElrod v. Burns, 427 U.S. 347 (1976) and Branti v. Finkel, 445 U.S. 507
(1980)). In Elrod, the Court held that the newly elected Democratic Sheriff of Cook County, Illinois, had violated the constitutional rights of certain non-civil-service employees by discharging them because they did not support and were not members of the Democratic Party and had failed to obtain the sponsorship of one of its leaders. See Branti v.Finkel, supra. (In Branti, a public defender was enjoined from terminating or attempting to terminate two assistant public defenders on the sole ground of their political beliefs.) Depending on the facts and circumstances involved, a terminated employee may have a cause of action for a violation of the First Amendment.
In sum, the sheriff has the authority to hire and fire his or her employees. See Ark. Const. Amend. 55, § 3; Op. Att'y Gen. No. 87-312; A.C.A. § 14-14-805(2). The terminated employees may, however, have legal remedies depending on, among other things, whether their employment is under tenure or contract, there is any clearly implied promise of continued employment, their termination falls under an exception to the employment-at-will doctrine, or their termination violates theFirst Amendment. A definitive answer to your question regarding the type of "protection" available to the employees would require a review of the facts and circumstances surrounding the termination of each individual employee. Consequently, although I have outlined some general law, it may be advisable for any interested party to seek the advice of private counsel in order to determine whether a private cause of action could be maintained.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] This office has opined that elected county officials, such as sheriffs, may develop their own personnel policies with regard to the hiring of employees. Op. Att'y Gen. Nos. 94-098 and 87-82.