# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1324

_____

Elianaise Mervil

*Petitioner*

v.

Loretta E. Lynch, United States Attorney General

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 8, 2016
Filed: February 19, 2016
[Published]

_____

Before SHEPHERD, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Petitioner Elianaise Mervil is a citizen of Haiti. She entered the United States in 1981, and adjusted her status to lawful permanent residency in 1988. In 1997, Mervil was convicted of conspiracy to possess with intent to distribute and distribution of cocaine base and cocaine hydrochloride. After Mervil completed her sentence for this offense, the Department of Homeland Security initiated removal

proceedings against her, charging her with being removable under 8 U.S.C. § 1227(a)(2)(B) for having been convicted of a controlled substances offense and under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony. Mervil conceded the charges, and applied for relief under the Convention Against Torture (CAT). Mervil asserted that her status as a criminal deportee from the United States, and her prior affiliation with and desertion from the Haitian army, would lead to her arrest and imprisonment in deplorable conditions if she were returned to Haiti. Both the Immigration Judge (IJ) and the Board of Immigration Appeals (BIA) denied Mervil's application for relief, finding that she had not established that she would suffer torture if returned to Haiti.

We have jurisdiction to review the BIA's denial of Mervil's application for CAT relief insofar as her appeal raises a constitutional claim or a question of law. Cherichel v. Holder, 591 F.3d 1002, 1009 (8th Cir. 2010). To be entitled to relief under CAT, a person must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture" is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person [for certain purposes] when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Under this definition, an act is not torture unless "a persecutor specifically intends to inflict severe pain or suffering upon his victim." Cherichel, 591 F.3d at 1016–17. In other words, "torture" as defined by the applicable regulations does not encompass severe pain or suffering that is merely the "foreseeable consequence of a deliberate action." Id. at 1016.

Here, the BIA found that Mervil did not establish that she would be subjected to torture if returned to Haiti, because she failed to show that any Haitian official would specifically intend to inflict severe pain or suffering on her. Mervil urges reconsideration of our decision in Cherichel, arguing that the specific intent to inflict

-2-

pain or suffering is not required for an act to constitute torture.  Mervil alternatively urges that her case is factually distinct from <u>Cherichel</u>, but the distinctions she urges are personal circumstances that do not appear to bear on whether any person acting in an official capacity would have specific intent to torture her.  <u>See</u> <u>Cherichel</u>, 591 F.3d at 1004, 1017; <u>see also</u> 8 U.S.C. § 1252(a)(2)(C) (except as to constitutional claims or questions of law, we do not have jurisdiction to review final orders of removal pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) or 1227(a)(2)(B)).  <u>Cherichel</u> is binding precedent within this circuit, which we have no authority to reconsider or overrule.  <u>Drake v. Scott</u>, 812 F.2d 395, 400 (8th Cir.) <u>modified on reh'g on other grounds</u>, 823 F.2d 239 (8th Cir. 1987) ("One panel of this Court is not at liberty to disregard a precedent handed down by another panel. Only the Court en banc can take such action.").  The BIA applied the correct legal standard in determining whether Mervil had established that she would more likely than not be tortured if removed to Haiti, and concluded that she had not.

Accordingly, we conclude that the BIA did not err in denying Mervil's application for CAT relief, and deny Mervil's petition for review.

_____

-3-