United States Court of Appeals

For the Eighth Circuit

_____

No. 18-3618
_____

Ahmed Shariif Kassim

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: December 11, 2019
Filed: April 3, 2020
_____

Before SMITH, Chief Judge, GRASZ and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

The overarching question in this case is whether the Board of Immigration Appeals applied its own standard of review correctly. After an immigration judge granted a waiver of inadmissibility and deferral of removal to Ahmed Shariif Kassim, the Board reversed both decisions. Kassim claims that, in doing so, the

Board improperly supplanted the immigration judge's findings with its own. We grant the petition for review in part, deny it in part, and remand.

## I.

Kassim is a citizen of Somalia who arrived in the United States as a refugee in 2013. A little more than two years later, he pleaded no contest to two counts of misdemeanor fourth-degree sexual assault. The charges arose out of nonconsensual sexual contact with two teenage girls, and once convicted, he could no longer get a visa or enter the United States. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I) (discussing "crime[s] involving moral turpitude"). In fact, when Kassim tried to reenter the country after a short trip to Canada, the Department of Homeland Security detained him at the border and charged him as removable.

Kassim concedes that he is removable but has requested two forms of relief. First, he asked for a waiver of inadmissibility that would allow him to become a lawful permanent resident of the United States. *See id.* § 1159(a), (c). Second, he requested deferral of removal under the Convention Against Torture. *See* 8 C.F.R. § 1208.16(c); *see also id.* § 1208.17. After Kassim initially succeeded on both arguments before an immigration judge, the Board reversed and concluded that neither form of relief was available.

## II.

We begin with the government's argument that we lack jurisdiction to review the arguments raised in Kassim's petition for review. In the government's view, the criminal-alien bar applies because Kassim has been convicted of a "crime of moral turpitude" under 8 U.S.C. § 1182(a)(2)(A)(i)(I), and the discretionary-relief bar "shield[s]" the Board's discretionary decision to deny a waiver of inadmissibility from further review. *Waldron v. Holder*, 688 F.3d 354, 360 (8th Cir. 2012) (citation omitted); *see* 8 U.S.C. § 1252(a)(2)(B)–(C); *see also Brikova v. Holder*, 699 F.3d

1005, 1008 (8th Cir. 2012) (discussing the criminal-alien bar). On both points, we disagree.

If these provisions applied, it is true that we would not be able to proceed any further. *See Jima v. Barr*, 942 F.3d 468, 471–72 (8th Cir. 2019); *Waldron*, 688 F.3d at 360. But both of these jurisdiction-stripping provisions have an exception for questions of law, *see* 8 U.S.C. § 1252(a)(2)(D); *see also Mervil v. Lynch*, 813 F.3d 1108, 1109–10 (8th Cir. 2016) (criminal-alien bar); *Yohannes v. Holder*, 585 F.3d 402, 405 (8th Cir. 2009) (discretionary-relief bar), and we have already held that arguments about the proper application of the Board's standard of review fit within the exception, *see Waldron*, 688 F.3d at 360. Because those are the only types of arguments that Kassim makes, we can consider them.

## III.

The Board's standards of review are straightforward, at least in theory. It may review the factual findings of the immigration judge for clear error, 8 C.F.R. § 1003.1(d)(3)(i); *Waldron*, 688 F.3d at 360, but it may not find new facts of its own, 8 C.F.R. § 1003.1(d)(3)(iv), even if it is trying to fill gaps in the immigration judge's reasoning, *Nabulwala v. Gonzales*, 481 F.3d 1115, 1119 (8th Cir. 2007). The same is not true of legal and discretionary calls, which receive de novo review. 8 C.F.R. § 1003.1(d)(3)(ii); *see also Waldron*, 688 F.3d at 360.

Once the case reaches us, the scope of review narrows even further. Due to our limited jurisdiction, we can consider only "constitutional questions and questions of law," *id.* (citation omitted), including whether the Board applied its own standards correctly, under a de-novo standard of review, *Garcia-Mata v. Sessions*, 893 F.3d 1107, 1109 (8th Cir. 2018).

A.

We start with the decision on the waiver of inadmissibility. A heightened standard applied to Kassim's request because his two sexual-assault crimes qualify as "violent or dangerous." *In re Jean*, 23 I. & N. Dec. 373, 381–84 (A.G. 2002); *see also* 8 C.F.R. § 1212.7(d) (applying the same standard to waivers under 8 U.S.C. § 1182(h)). To receive the waiver, he had to show, as relevant here, that denying his request "would result in exceptional and extremely unusual hardship." *In re Jean*, 23 I. & N. Dec. at 383; *see also* 8 C.F.R. § 1212.7(d). The immigration judge concluded that if he were returned to Somalia, that is what he would face.[1]

The Board ultimately denied the waiver, but it did not supplant the immigration judge's hardship finding with one of its own. Rather, it took the hardship finding as a given and then went on to review the discretionary decision to grant the waiver de novo. *See Urrutia Robles v. Barr*, 940 F.3d 420, 422 (8th Cir. 2019) (concluding that the Board did not supplant the immigration judge's findings when it decided to reweigh the equities of a discretionary decision). Indeed, it explicitly assumed that Kassim was "eligib[le]" for a waiver, but it nevertheless decided to deny him one "as a matter of discretion." This is a decision that the Board was empowered to make. 8 U.S.C. § 1159(c); 8 C.F.R. § 1003.1(d)(3)(ii).

To be sure, some passages in the Board's decision are not as clear as they could have been. For example, the Board said at one point that Kassim would only face "possible" hardship if he were returned to Somalia. In isolation, this statement

---

[1]The hardship inquiry includes factual, legal, and discretionary questions. Whether a person is likely to face hardship is a question of fact, *see Jima*, 942 F.3d at 473; whether the hardship is "exceptional and extremely unusual" is a question of law, *see Waldron*, 688 F.3d at 361; and whether an individual deserves a waiver is discretionary, *id.* at 360. Kassim's challenge relates to the factual part of the hardship inquiry—specifically, the finding that he would likely suffer hardship in Somalia.

could suggest that the Board retreated from what the immigration judge actually found: that he "would" face hardship.

Even so, we are not convinced that the Board "supplant[ed]" the immigration judge's finding.[2] *Waldron*, 688 F.3d at 361. After all, if the Board disagreed with the finding that Kassim likely faced hardship—a threshold eligibility question—there would have been little reason to go on and balance the equities. *See In re Jean*, 23 I. & N. Dec. at 381–84 (explaining that an alien who has committed a violent or dangerous crime must show extraordinary circumstances, like unusual hardship, to be eligible for a discretionary waiver). We accordingly suspect that any discrepancies in wording were inadvertent and did not cross the line separating permissible weighing from impermissible fact finding.

B.

Further proceedings are required, however, on Kassim's request for deferral of removal under the Convention Against Torture. The immigration judge concluded that this type of relief was available. But what is missing from the decision is a finding that Kassim would "more likely than not" suffer torture in Somalia. 8 C.F.R. § 1208.16(c)(4) (requiring such a finding); *see also Jima*, 942 F.3d at 473 (treating the more-likely-than-not finding as a fact question). The closest the immigration judge came was a statement that, as a minority-clan member, Kassim was "disproportionately" likely to be tortured. But saying that Kassim is more likely than *others* to be tortured is not the same as a finding that *he* would more likely than not suffer torture. As the government conceded at oral argument, there is no finding on this point. Oral Arg. at 13:05–14:08.

---

[2]Nor was the statement that Kassim "minimized his culpability" a new factual finding. Rather, it was a response to his attack on the immigration judge's finding that the teenage girls did not consent to Kassim's sexual advances. The Board did nothing wrong by considering and rejecting this argument, even if it could have chosen its words more carefully.

In its absence, the Board should have remanded the case to the immigration judge to finish the job. *See Nabulwala*, 481 F.3d at 1118. When it reversed, what it did instead was treat the wrong finding (the disproportionately-likely finding) as if it were the right one (a more-likely-than-not finding). We have disapproved of this approach before, and we do so again here. *See id.* (rejecting as "false" the Board's statement that an immigration judge "correctly found" a necessary fact when the judge "made no such finding."). An insufficient finding requires remand, not revision.

IV.

The petition for review is accordingly granted in part and denied in part. We instruct the Board to remand to the immigration judge for a finding on whether Kassim would more likely than not suffer torture in Somalia.

GRASZ, Circuit Judge, dissenting in part.

The court reverses and remands on Kassim's request for deferral of removal under the Convention Against Torture due to the lack of a finding by the IJ as to whether Kassim would "more likely than not" suffer torture in Somalia. I join this part of the opinion in full. I would also reverse due to improper fact-finding by the BIA in its waiver of inadmissibility analysis.

In exercising its discretion to reweigh the factors relevant to the waiver of inadmissibility, the BIA stated that "*during his hearing* and on appeal, [Kassim] has minimized his culpability in the crime leading to his convictions. *His testimony* and contentions tend to blame his criminal behavior on his friend and the victims of his sexual assault . . . ." (emphasis added) (citations to transcript omitted). This may be true. But, nowhere in the IJ's decision does she find that Kassim minimized his own culpability or blamed others. Rather, on pages 5–6 of the IJ's transcribed decision, the IJ found that it "would appear that [Kassim's] friend was the primary instigator" and that Kassim "did not know [the victims] were juveniles." In light of

-6-

this fact, the BIA's specific references to the hearing testimony indicate the Board independently evaluated the hearing evidence to reach its own new factual finding. This was legal error. *See Waldron v. Holder*, 688 F.3d 354, 360 (8th Cir. 2012) (explaining "there is a difference between weighing the factual findings of the IJ and reweighing the underlying evidence and testimony behind those factual findings to reach new factual conclusions"). Footnote 2 of the court's opinion characterizes the BIA's "minimization of culpability" statement as a response to Kassim's arguments on appeal, but it is not the BIA's place to fault Kassim for pointing out favorable findings of fact by the IJ in his appeal. Consequently, I would find the BIA engaged in impermissible fact-finding in its waiver of inadmissibility analysis and reverse on this additional basis.

_____