# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2166
_____

Aisha Rashidatu King

*Petitioner*

v.

Merrick B. Garland, United States Attorney General

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: January 10, 2023
Filed: June 14, 2023
_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Aisha King petitions for review of the Board of Immigration Appeals's denial of her waiver of inadmissibility. We deny in part and dismiss in part.

## I.

King, a citizen of Sierra Leone, became a lawful permanent resident of the United States in 2010. From 2007 to 2011, King and her husband ran a health care facility where they engaged in a scheme to defraud Medicaid. King was convicted of conspiracy to commit health care fraud, 18 U.S.C. § 1349, health care fraud, 18 U.S.C. § 1347 and 2, and aggravated identity theft, 18 U.S.C. § 1028A.

In 2019, the Department of Homeland Security charged King with removability for two counts of being an aggravated felon, 8 U.S.C. § 1227(a)(2)(A)(iii), and for having been convicted of a crime involving moral turpitude within five years of being admitted to the United States, 8 U.S.C. § 1227(a)(2)(A)(i). King conceded her removability, making her inadmissible to the United States and subject to deportation. Seeking relief from removal, King applied for a waiver of inadmissibility. To qualify for the waiver, King needed to demonstrate statutory eligibility and that the equities warranted a favorable exercise of discretion. *See* 8 U.S.C. § 1182(h)(1)(B); *Palmer v. INS*, 4 F.3d 482, 487 (7th Cir. 1993).

The Immigration Judge denied King's application. In addition to finding King statutorily ineligible, the IJ denied King's application as a matter of discretion. King appealed the IJ's discretionary denial, and the BIA affirmed. After balancing the appropriate factors, the BIA held that King's positive equities did not outweigh her negative equities. We consider the discretionary denial of King's application on appeal.

## II.

The Government argues that we lack jurisdiction to review King's petition. In cases like this one, the criminal-alien bar and the discretionary-relief bar strip us of jurisdiction. *See* 8 U.S.C. § 1182(a)(2)(A)(i) (criminal-alien bar); 8 U.S.C. § 1252(a)(2)(B)–(C) (discretionary-relief bar). But both provisions have an exception for questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Kassim v.*

*Barr*, 954 F.3d 1138, 1140 (8th Cir. 2020). To evaluate whether King's petition raises a reviewable question of law, we look to the "nature of the argument advanced in the petition." *Sharif v. Barr*, 965 F.3d 612, 619 (8th Cir. 2020) (citation omitted).

A.

First, King argues that the BIA failed to consider hardship to her relatives as one of her positive equities. King's challenge is a reviewable question of law, but it is without merit. *See Champion v. Holder*, 626 F.3d 952, 956–57 (7th Cir. 2010) (noting that the BIA's failure to "consider factors acknowledged to be material . . . would be an error of law" (citation omitted)). Although the BIA did not include hardship to King's relatives when it listed King's positive equities, it still considered hardship in its decision. The BIA recognized that King's removal would "likely result in a considerable level of hardship to herself, her spouse, and her children." We therefore deny King's petition on this ground.

B.

King next argues that the BIA should not have placed dispositive weight on her crimes. King explains that when the BIA considered the "nature, recency, and seriousness" of her crimes, *Mendez-Moralez*, 21 I. & N. Dec. 296, 301 (BIA 1996), it failed to appreciate that every applicant for waiver is necessarily implicated in criminal behavior.[1] She characterizes this as legal error: that the BIA erred in its interpretation of the waiver of inadmissibility statute, 8 U.S.C. § 1182(h). We disagree. At its core, King challenges the BIA's weighing of equities, specifically how it weighed her crimes. This is not a reviewable question of law. It is a challenge to "the discretionary conclusion of not meriting a favorable exercise of discretion," which we do not have jurisdiction to review. *Guled v. Mukasey*, 515 F.3d 872, 880

---

[1]We note that there are many grounds of inadmissibility subject to waiver under § 1182(h) that do not require a criminal conviction. We also note that the "nature, recency, and seriousness" of a crime is different for every person seeking relief.

(8th Cir. 2008); *see Sharif*, 965 F.3d at 621 (a petitioner cannot "create jurisdiction by cloaking an abuse of discretion argument in . . . legal garb" (citation omitted)).

## III.

For the reasons stated above, King's petition is denied in part and dismissed in part.

_____